UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF ILLINOIS
EASTERN DIVISION

ARDAMIS D. SIMS,

Plaintiff,

vs().

Case No. 1:16-cv-10768

Hon. Virginia M. Kendall

**DEMAND FOR JURY TRIAL**

J. THOMPSON,
E. SLEDGE,
M. CUNDIFF,
N. GONZALEZ, AND
D. GRIMALDO,

Defendants.

_____/

**SECOND AMENDED COMPLAINT**

Jonathan K. Baum
Katten Muchin Rosenman LLP
525 West Monroe Street, Suite 1900
Chicago, Illinois 60661-3693
(312) 902-5200
Jonathan.Baum@kattenlaw.com
*Attorney for Plaintiff Ardamis Sims*

Ardamis D. Sims for his Complaint against Defendants J. Thompson ("Thompson"), E. Sledge ("Sledge"), M. Cundiff ("Cundiff"), N. Gonzalez ("Gonzalez"), D. Grimaldo ("Grimaldo"), (collectively, "Defendants"), alleges as follows:

## I. NATURE OF THE CASE

1. This action involves Defendants' willful and unjustifiable violation of Plaintiff's Fourth Amendment rights. On December 19, 2014, Plaintiff was staying at a motel room with a companion. He was enjoying his privacy and having an intimate moment with his companion. Then, suddenly and without warning, Defendants and other law enforcement officers barged through the door, brandishing their weapons.

2. Defendants did not have a warrant to enter Plaintiff's motel room, where he was undressed. Nor did plaintiff give them permission to enter. Indeed, Defendants did not announce that they were entering the motel room at all, much less ask for permission to enter or give Plaintiff the opportunity to put on his clothes.

3. Plaintiff now brings this action to obtain justice and redress for the injuries he has endured as a result of Defendants' violation of his Fourth Amendment Rights.

## II. JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the claims brought under 42 U.S.C. § 1983 because they arise under the laws of the United States.

5. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the claims brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because they arise under the laws of the United States.

6. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred here.

### III. PARTIES

#### A. Plaintiff

7. Ardamis D. Sims is a citizen and resident of Illinois currently residing at the Pickneyville Correctional Center.

#### B. Defendants

##### 1. **J. Thompson**

8. Upon information and belief, Defendant J. Thompson is a United States Marshal.

##### 2. **E. Sledge**

9. Upon information and belief, Defendant E. Sledge is an investigator with the Illinois Attorney General's Office.

##### 3. **M. Cundiff**

10. Upon information and belief, Defendant M. Cundiff is a United States Marshal.

##### 4. **N. Gonzalez**

11. Upon information and belief, Defendant N. Gonzalez is a United States Marshal.

##### 5. **D. Grimaldo**

12. Upon information and belief, Defendant D. Grimaldo is a United States Marshal.

### IV. PLAINTIFF'S CONSTITUTIONAL RIGHTS AGAINST UNREASONABLE ENTRY

13. Under the Fourth Amendment to the United States Constitution, Plaintiff had, at all relevant times, the right to be secure in his "persons, houses, papers, and effects, against unreasonable searches and seizures." *Carpenter v. United States,* 138 S. Ct. 2206, 2213 (2018)

(internal citation omitted). As reiterated by the Supreme Court and the Seventh Circuit Court of Appeals, the fundamental function of the Fourth Amendment is "to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Id*. At its "core," the Fourth Amendment represents "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Collins v. Virginia*, 138 S. Ct. 1663, 1670 (2018) (internal citation).

14. Thus, "absent a relevant exception, the Fourth Amendment generally prohibits the warrantless entry of a person's home to make an arrest or conduct a search. *United States v. Neff*, 61 F.3d 906 (7th Cir. 1995) (citing *Illinois v. Rodriguez,* 497 U.S. 177, 181 (1990)).

15. Moreover, under the "knock-and-announce rule," even when a warrant has been lawfully obtained, the Fourth Amendment generally requires law enforcement officers to knock and announce their presence before entering. See *Wilson v. Arkansas*, 514 U.S. 927, 934, (1995); *Hudson v. Michigan*, 547 U.S. 586, 589 (2006) ("The common-law principle that law enforcement officers must announce their presence and provide residents an opportunity to open the door is an ancient one"). As explained by the Supreme Court in *Hudson*, the "knock-and-announce rule" protects several interests, including "those elements of privacy and dignity that can be destroyed by a sudden entrance." 547 U.S. at 594. At a minimum, it gives people the opportunity get dressed before law enforcement officers come inside. *Id*.

16. Importantly, Plaintiff's Fourth Amendment right to be free from unreasonable government intrusion, and in particular, to be protected against a warrantless entry, is not limited to when he is in his own home. Instead, as explained by the Supreme Court in *Minnesota v. Olson*, the Fourth Amendment protects the privacy and security of overnight guests. 495 U.S. 91, 98 (1990); *see also United States v. Foxworth,* 8 F.3d 540, 544 (7th Cir. 1993) ("Fourth Amendment

3

protection also applies to warrantless intrusions into motel rooms when occupied as a temporary abode"). That is because "the Fourth Amendment protects people, not places." *United States v. Rahman*, 805 F.3d 822, 830–31 (7th Cir. 2015) (citing *Katz v. United States*, 389 U.S. 347, 351 (167).

### V. THE UNCONSTITUTIONAL ENTRY INTO PLAINTIFF'S MOTEL ROOM

17. On December 18, 2014, Plaintiff picked up a female companion, E.G., and drove her to the Amber Inn Motel, located at 3901 S. Michigan Avenue.

18. Plaintiff rented a motel room at the Amber Inn for an overnight stay, where he remained with E.G. until the following day.

19. During his stay at the Amber Motel, Plaintiff complied with motel rules, did not have any altercations, and did not do anything that would have warranted police intervention.

20. Confident that he would be able to get some privacy at the Amber Inn, Plaintiff was enjoying an intimate moment with E.G. and was in a state of undress on December 19, 2014.

21. Then, suddenly and without warning, Defendants, as well as officers with the Chicago Police Department, barged through the door of Plaintiff's motel room while holding a battering ram and brandishing rifles.

22. Plaintiff never gave Defendants permission to enter. In fact, Plaintiff did not even realize that Defendants were at the Amber Inn until after they were in his motel room pointing their assault rifles directly at him.

23. Prior to rushing through Plaintiff's door, Defendants also did not knock and announce their presence. Instead, they came through the door without any warning to Plaintiff.

24. Worse still, Defendants also did not have any legal authority to enter Mr. Sims' motel room. As noted above, Mr. Sims never gave Defendants permission to enter his motel room. And Defendants did not have a warrant, either to search the premises or for Plaintiff's arrest.

25. In other words, while Mr. Sims believed that he was having a private moment, Defendants barged through his door with rifles without warning him that they were about to enter, all the while failing to have even gotten a warrant.

26. Shortly thereafter, Mr. Sims was arrested by the Chicago Police Department based on suspicions that he had been involved in a series of armed robberies in the area. Importantly, despite these suspicions, Defendants never obtained a warrant for Mr. Sims' arrest prior to barging through his motel door on December 19, 2014.

## V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Under *Bivens* For Violation of Plaintiff's Constitutional Rights**
**(Against Defendants Thompson, Cundiff, Gonzalez, and Grimaldo)**

27. Plaintiff incorporates, as though fully set forth herein, each and every allegation in paragraphs 1 through 26 above.

28. As described more fully above, Defendants, while acting individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, deprived Plaintiff of his Fourth Amendment rights to be free from unreasonable searches and seizures through their warrantless entry into his motel room and failure to comply with the knock-and-announce rule.

29. As a result of Defendants' misconduct, Plaintiff suffered great mental anguish, humiliation, degradation, emotional pain and suffering, and other damages.

## SECOND CAUSE OF ACTION
### Under Section 1983 For Violation of Plaintiff's Constitutional Rights
### (Against Defendant Sledge)

30. Plaintiff incorporates, as though fully set forth herein, each and every allegation in Paragraphs 1 through 26 above.

31. As described more fully above, Defendants, while acting individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, deprived Plaintiff of his Fourth Amendment rights to be free from unreasonable searches and seizures through their warrantless entry into his motel room and failure to comply with the knock-and-announce rule.

32. As a result of Defendants' misconduct, Plaintiff suffered great mental anguish, humiliation, degradation, emotional pain and suffering, and other damages.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

DATED this 28 day of August 2018.

        KATTEN MUCHIN ROSENMAN LLP

        By:   /s/ Jonathan K Baum
             Jonathan K. Baum
             Katten Muchin Rosenman LLP
             525 West Monroe Street, Suite 1900
             Chicago, IL  60661-3693
             (312) 902-5200
             Jonathan.Baum@kattenlaw.com

             *Attorney for Plaintiff Ardamis D. Sims*